UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL R. LOVE,<br><br>Petitioner,<br><br>v.<br><br>JAMES D. HARTLEY, Warden,<br><br>Respondent. | No. 2:12-cv-1914 JFM P<br><br><br><br>**ORDER** |

Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is proceeding before a United States Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c). (<u>See</u> Consent Forms filed August 1, 2012 (ECF No. 4) and October 18, 2012 (ECF No. 11).) Petitioner challenges his 2005 conviction on state criminal charges of attempted aggravated sexual assault/rape on a child under 14 and of commission of a lewd act on a child under 14 with use of force, duress or violence. This matter is before the court on respondent's motion to dismiss this action as barred by the applicable one year statute of limitations.[1]

/////

//////

---

[1] On May 17, 2013, petitioner filed a motion styled as a motion for summary judgment. For the reasons set forth in this order, this court concludes that this federal habeas action is time-barred. Petitioner's motion for summary judgment will therefore be denied.

1

Section 2244(d) of Title 28 of the United States Code provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

The following facts established by the record before this court are relevant to the statute of limitations analysis:

1. On December 2, 2004, petitioner was convicted in state court pursuant to his plea of no contest. (See Lodged Doc. 1.) On February 15, 2005, he was sentenced to thirteen years in prison. (Id.)

2. On December 27, 2010, petitioner filed a request for permission to file a late notice of appeal in the California Court of Appeal for the Third Appellate District. (Lodged Doc. 2.) That request was denied by order filed January 27, 2011. (Lodged Doc. 3.)

3. On June 8, 2011, petitioner signed and dated a petition for writ of habeas corpus directed to the Sacramento County Superior Court. (Lodged Doc. 4.) The petition was file stamped in that court on June 14, 2011. (Id.) It was denied on September 7, 2011. (Lodged Doc. 5.)

    4. On October 3, 2011, petitioner signed and dated a petition for writ of habeas corpus directed to the California Court of Appeal for the Third Appellate District. (Lodged Doc. 6.) The petition was file stamped in that court on October 6, 2011. (Id.) It was denied on December 8, 2011. (Lodged Doc. 7.)

    5. On January 16, 2012, petitioner signed and dated a habeas corpus petition to be filed in the California Supreme Court. (Lodged Doc. 8.) The petition was file stamped in that court on January 19, 2012. (Id.) It was denied by order filed May 9, 2012. (Lodged Doc. 9.)

    6. On June 18, 2012, petitioner signed and dated another petition for writ of habeas corpus directed to the Sacramento County Superior Court. (Lodged Doc. 10.) The petition was file stamped in that court on June 21, 2012. (Id.) It was denied on July 12, 2012. (Lodged Doc. 11.)

    7. On July 16, 2012, petitioner signed and dated the federal habeas petition filed in this court. (ECF No. 1.) The petition was filed stamped on July 20, 2012 and entered on the docket the same day. (Id.)

    8. On July 25, 2012, petitioner signed and dated another petition for writ of habeas corpus directed to the California Court of Appeal for the Third Appellate District. (Lodged Doc. 12.) The petition was file stamped in that court on July 30, 2012. (Id.) It was denied on August 2, 2012. (Lodged Doc. 13.)

    9. On August 20, 2012, petitioner signed and dated another habeas corpus petition to be filed in the California Supreme Court. (Lodged Doc. 14.) The petition was file stamped in that court on August 23, 2012. (Id.) That petition was pending at the time this federal habeas action was filed.

    The one year statute of limitations for petitioner's seeking of federal habeas relief began to run when his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Here, petitioner was sentenced on February 15, 2005 and did not timely file a notice of appeal from the judgment of conviction and sentence. Accordingly, his conviction became final on April 16, 2005, when the sixty day period for filing a notice of appeal expired. See Cal. Rules of Court 8.308. Moreover, petitioner did not seek any other review of his conviction for over five years thereafter. The

1  statute of limitations for the filing of a federal habeas petition therefore expired in this case on
2  April 16, 2006.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); cf. Thorson v.
3  Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (petition due "a year and a day" after a state court
4  judgment of conviction became final).  The state appellate court's denial of petitioner's request to
5  file a late notice of appeal did not revive the expired limitation period for seeking federal habeas
6  relief.  See Randle v. Crawford, 604 F.3d 1047, 1054-55 (9th Cir. 2010) (an order dismissing an
7  untimely appeal is not "conclusion of direct review" within meaning of 28 U.S.C.
8  §2244(d)(1)(A)).  Nor did any of petitioner's habeas petitions filed in state court, all of which
9  were filed after the federal limitations period had expired, toll the limitations period for seeking
10 federal habeas relief.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

11         For the foregoing reasons, this action is time barred unless petitioner is entitled to
12 equitable tolling of the one-year limitation period.  See Roberts v. Marshall, 627 F.3d 768, 771
13 (9th Cir. 2010).  The statute of limitations may be equitably tolled where "extraordinary
14 circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the
15 extraordinary circumstances were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796,
16 799 (9th Cir.2003) (citations and internal quotation marks omitted).  Ordinary negligence of
17 counsel does not justify equitable tolling.  Id. at 800.  Only where "an attorney's egregious
18 misconduct prevented timely filing" of a federal habeas petition is equitable tolling justified.
19 Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005) (citing Spitsyn at 801).

20         In opposition to the motion, petitioner contends that his trial attorney provided ineffective
21 assistance of counsel by failing to advise petitioner about his appeal rights.  (See Opp'n, filed
22 Feb. 21, 2013 (ECF No. 18) at 12.)  Even if this were true, and even if that failure rose to the level
23 of "egregious misconduct"[2], there is no evidence before this court that such an omission by trial
24 counsel made it impossible for petitioner to file a timely federal habeas petition.  Petitioner has
25 therefore not demonstrated that he is entitled to equitable tolling of the limitation period.
26 /////
27
28 [2] The court need not, and does not, make either finding.

4

For the foregoing reasons, this action is barred by the AEDPA statute of limitations and must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).  Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prison can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether the instant action is time barred.  Accordingly, this court will not issue a certificate of appealability.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondents' October 23, 2012 motion to dismiss (ECF No. 12) is granted;

2. Petitioner's May 17, 2013 motion for summary judgment (ECF No. 25) is denied;

3. This action is dismissed as barred by the statute of limitations; and

4. This court declines to issue a certificate of appealability.

Dated: July 8, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12
love12cv1914.mtd

5